UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID GIORDANO,

          Plaintiff,

v.

LIEUTENANT VILACOBA *et al.*,

          Defendants.

Civil Action No. 22-3294 (MAS) (RLS)

**MEMORANDUM ORDER**

      This matter comes before the Court on Plaintiff David Giordano's ("Plaintiff") request for "an order granting preliminary injunction [a]gainst the ongoing [s]tate criminal prosecution." (ECF No. 15.) There was no opposition or reply filed related to the request. The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court denies Plaintiff's request for a preliminary injunction.

      Plaintiff seeks to have this Court interfere in an ongoing state criminal proceeding, claiming that "there is an absence of available [s]tate corrective process . . . or circumstances exist that render such process ineffective to protect the rights of [Plaintiff]." (Pl.'s Moving Br. *2, ECF No. 15-1).[1] This Court is restrained from hearing civil cases which would "threaten[] to interfere with . . . state criminal prosecutions" under the *Younger* abstention doctrine. *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014); *see also Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine is thus "an exception to the [general rule of hearing all cases over which the Court has jurisdiction] that applies when certain types of state proceedings are ongoing at the time

---

[1] Page numbers preceded by an asterisk reflect the page number atop the ECF header.

a federal case is commenced." *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020). Abstention in such cases serves a dual purpose – it promotes comity through "a proper respect for state functions" including abstaining from interfering in ongoing judicial proceedings, and it restrains equity jurisdiction from operating when state courts provide an adequate forum for litigating constitutional issues. *Id. Younger* will not apply and will not bar claims which require interference in state criminal matters only where a plaintiff can show that the criminal charges have been imposed *solely* in bad faith or to harass the defendant. *See, e.g., Duran v. Weeks*, 399 F. App'x 756, 759 n.4 (3d Cir. 2010).

Plaintiff believes the charges against him have been imposed in bad faith or to harass him. (*See* Pl.'s Moving Br. *3 ("If you read my complaint. And you do not feel [t]hat [t]he charges were brought in bad faith [w]ithout probable cause. And for the only reason to stop me from protesting.").) Plaintiff, however, offers no facts related to any bad faith or harassment by the state. (*See generally* Second Am. Compl., ECF No. 1-1.) In fact, Plaintiff acknowledges that he does not have any evidence related to false motives by the prosecutors. (*Id.* at *8 ("Although [Plaintiff] may lack evidence of the prosecutions [sic] actual vindictive motive . . . .").)

The Court also notes that Plaintiff admits in his proposed Fifth Amended Complaint that he did engage in various behaviors—protesting in city buildings, unlawfully painting or marring streets, etc.—which gave rise to the charges in question. (*See generally* Fifth Am. Compl., ECF No. 29.) Because Plaintiff did engage in these behaviors, and at least some appear to be subject to charges under state criminal law, this Court cannot conclude that the charges against Plaintiff were brought solely in bad faith or to harass him. Here, the exception to *Younger* does not apply, and the Court cannot interfere in Plaintiff's ongoing criminal proceedings. *Duran*, 399 F. App'x at 759

n.4. Plaintiff's request for a preliminary injunction seeking to have this Court intervene in his state criminal case is, therefore, denied.

IT IS on this 30th day of January 2023, **ORDERED** that:

1. Plaintiff's motion for a preliminary injunction (ECF No. 15) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

3