UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID GIORDANO,

        Plaintiff,

v.

LIEUTENANT VILACOBA *et al.*,

        Defendants.

Civil Action No. 22-3294 (MAS) (RLS)

**MEMORANDUM ORDER**

    This matter comes before the Court on **Plaintiff David Giordano's ("Plaintiff")** request for "the entry of a preliminary injunction enjoining the unconstitutional and inhumane decision to bar [P]laintiff's access to court and the subsequent blacklisting of his contact details." (Pl.'s Notice of Motion *2-3, ECF No. 28; Pl.'s Moving Br., ECF No. 28-1.)[1] There was no opposition or reply filed related to the request. The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court denies Plaintiff's request for a preliminary injunction.

    Plaintiff avers that he "previously had access to the court system and could make calls as required." (Pl.'s Moving Brief *3.) Plaintiff references a "decision" that was made to "bar any form of access from his end to the court . . . ." (*Id.*) He maintains that his phone number has been "blacklisted," and he is, therefore, "not able to access the court system as required in a timely manner." (*Id.*) Plaintiff mentions a "string of mails" that will be proved, although the Court finds no further mention of such "mails" in the briefing. (*Id.*) Because of this alleged lack of access to the court system via telephone, Plaintiff claims that his constitutional rights "are being threatened."

---

[1] Page numbers preceded by an asterisk reflect the page number atop the ECF header.

(*Id.*) Plaintiff continues by listing provisions of N.J.S.A. § 52:4B-36 (rights of crime victims and witnesses) to which he believes he is entitled. (*Id.* at *4-6.) Plaintiff concludes by requesting that the Court: (1) set aside the unconstitutional provisions that are geared at barring Plaintiff's access to the courts; (2) order that Plaintiff is a public rights defender and that he can represent all other victims of the flawed justice system; and (3) order Plaintiff's phone number be removed from the blacklist. (*Id.* at *8.)

To prevail on a motion for a preliminary injunction, Plaintiff must establish: (1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Lane v. New Jersey*, 725 F. App'x 185, 187 (3d Cir. 2018). Here, Plaintiff has not demonstrated a likelihood of success on the merits. Plaintiff claims that his phone number has been blacklisted, but he does not allege who blacklisted his phone number, when his phone number was blacklisted, or how it was blacklisted. (*See generally* Pl.'s Moving Br.) Several times Plaintiff references a "decision" to blacklist his contact information. (*See* Pl.'s Notice of Motion *3; Pl.'s Moving Br. *3, *8.) Plaintiff requests that the Court "set aside" and "suspend[]" this decision, however he does not specify who made this decision or where it was made. (Pl.'s Moving Br. *8.) The Court cannot even determine whether Plaintiff is alleging that his access to state court or federal court has been barred. Even if the Court were to accept that Plaintiff's phone number was improperly blacklisted, the Court would not know what party (if even a party at all) to enjoin to right the alleged constitutional violation.

For these reasons, Plaintiff's request for a preliminary injunction seeking to have this Court enjoin the "unconstitutional and inhumane decision" to bar Plaintiff's access to court and the subsequent blacklisting of his contact details is, therefore, denied.

IT IS on this 21st day of March 2023, **ORDERED** that:

    1.    Plaintiff's motion for a preliminary injunction (ECF No. 28) is **DENIED**.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**