UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID GIORDANO,<br><br>    Plaintiff,<br><br>    v.<br><br>LIEUTENANT VILACOBA, et al.,<br><br>    Defendants. | Civil Action No. 22-3294 (MAS)<br><br>MEMORANDUM ORDER |

This matter comes before the Court on the Ocean County Prosecutor's Office and Assistant Prosecutor Andrew T. Leimbach's ("Moving Defendants") Motion to Dismiss Plaintiff's claims against them in this civil rights matter. (ECF No. 42.) Plaintiff did not file an opposition brief to the motion. (ECF Docket Sheet.) For the following reasons, the Court grants the Motion and dismisses with prejudice the claims against the Moving Defendants.

In his most recent complaint (ECF No. 29), Plaintiff alleges that the Moving Defendants have impugned his rights by engaging in malicious prosecution, and by taking dilatory prosecutorial action in pursuing his convictions. (*Id.* at 14-15.) Plaintiff also alleges Defendants have either been slow in providing criminal discovery or have provided incomplete criminal discovery in his state criminal proceedings. (*Id.* at 17.) Finally, Plaintiff asserts that the decision to pursue criminal charges against him can only be attributed to vindictiveness. (*Id.* at 17-18.) Plaintiff also attempts to bring claims against the Moving Defendants based on filings they made during a criminal hearing related to Plaintiff's request for release from jail for medical reasons. (*Id.* at 20.) Based on these assertions, Plaintiff contends that the Moving Defendants have violated his rights and are thus liable to him for damages under 42 U.S.C. § 1983 and the New Jersey Civil

Rights Act. Defendants contend that they are absolutely immune from relief on Plaintiff's claims, and that Plaintiff has in any event failed to state a claim against them. (*See* ECF No. 42-1.)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

The Moving Defendants seek the dismissal of Plaintiff's civil rights claims brought pursuant to 42 U.S.C. § 1983 and its state law analogue, the New Jersey Civil Rights Act.[1] Chiefly, Defendants argue that they are entitled to absolute immunity as to Plaintiff's claims against them as all of his claims relate to decisions made in relation to filing, pursuing, and litigating ongoing state criminal prosecutions. Under binding Supreme Court precedent, state prosecutors are immune from suit in a civil rights action such as this for actions related to initiating, pursuing, and litigating criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). Here, Plaintiff's claims[2] against the Moving Defendants relate to the decision by Defendant Leimbach and the Prosecutor's Office that employs him to bring and litigate charges against Plaintiff. This includes making decisions as to when and what discovery to provide and regarding Plaintiff's criminal detention pending those charges. Plaintiff's claims, therefore, relate directly to the prosecutorial decisions and actions of the Moving Defendants. Consequently, the Moving Defendants are entitled to immunity as to

---

[1] As claims brought pursuant to the NJCRA are analogues to federal claims brought pursuant to 42 U.S.C. § 1983, they are subject to the same defenses, standards, and immunities. *See, e.g., Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011). Thus, although this Court discusses Defendants' motion explicitly in relationship to caselaw under § 1983, that caselaw applies equally to and is dispositive of Plaintiff's NJCRA claims. *Id.*

[2] The Moving Defendants also construe Plaintiff to be attempting to raise claims pursuant to certain federal criminal statutes, including 18 U.S.C. § 3161 based on statements contained in some of Plaintiff's earlier complaints. It does not appear based on more recent filings that Plaintiff is continuing to pursue relief under any federal criminal statute. To the extent Plaintiff was seeking to bring such a claim, however, no such claim would be tenable as federal criminal statutes do not provide a private cause of action. *See, e.g., Colon-Monanez v. Pa. Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013). Thus, although this Court does not construe Plaintiff as seeking to raise a claim pursuant to these federal criminal statutes, to the extent he did intend to raise them, no such private right of action is available and any such claim Plaintiff intended to raise is dismissed as a result.

those allegations. Plaintiff's claims against the Moving Defendants must therefore be dismissed with prejudice.[3] Based on the foregoing, and for good cause shown,

IT IS, on this 13th day of February, 2024, ORDERED that:

1. The motion to dismiss (ECF No. 42) is **GRANTED**;

2. Plaintiff's claims against Defendants Leimbach and the Ocean County Prosecutor's Office are **DISMISSED WITH PREJUDICE**; and

3. The Clerk of the Court shall serve a copy of this Order upon the Moving Defendants electronically and upon Plaintiff by regular mail.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] Because Defendants are clearly immune, the Court need not address the Moving Defendants' other arguments at this time. The Court notes, however, that even if it were not entitled to prosecutorial immunity, the Prosecutor's Office would still be entitled to a dismissal with prejudice as it is not a person subject to suit in a civil rights action such as this. *See, e.g., Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 855 (3d Cir. 2014) (a prosecutor's office engaged in "classic law enforcement and investigative functions" is not a person subject to suit in a civil rights matter).